IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES LAVANCE STEWART**            : | |
|     **Plaintiff,**            : | |
|                                      : | |
|     **v.**            : | **CIVIL ACTION NO. 06-3460** |
|                                        : | |
| **BERKS COUNTY PRISONS WARDEN**            : | |
| **GEORGE WAGNER,** *et al.*            : | |
|     **Defendants.**            : | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                                   **March 28, 2013**

**I.     BACKGROUND**

In this lawsuit filed pursuant to 42 U.S.C. § 1983, Plaintiff has alleged that the medical treatment he received while incarcerated at Berks County Prison contravened his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  Defendants, the Warden of Berks County Prison and various medical providers at the Prison, have filed motions seeking dismissal of the case based upon Plaintiff's failure to respond to discovery.

The case has a troubled procedural history.  Shortly after filing suit, Plaintiff, who filed the complaint *pro se,* requested appointment of counsel.  The Court ordered that the Clerk of Court attempt to find counsel to represent Plaintiff by referring the case to this District's Prisoners Civil Rights Panel; this process unfortunately took several years.  Once volunteer counsel was appointed, the case was delayed further pending the filing and resolution of various motions to dismiss.  The Court dismissed certain claims, but permitted Plaintiff's Eighth Amendment claims of indifference to serious medical needs to proceed.  However, Plaintiff made

no efforts to move the case forward after the Court's ruling of January 30, 2012. After several months, the Court sought a status report from the parties to determine whether Plaintiff intended to continue to prosecute the case, held a scheduling conference, and on November 2, 2012, ordered the parties to complete fact discovery by March 1, 2013. Defendants served written discovery, but Plaintiff did not respond. The Court ordered counsel and the parties to attend a settlement conference before Chief Magistrate Judge Carol Sandra Moore Wells on January 7, 2013, but Plaintiff did not attend.[1] Defendants scheduled Plaintiff's deposition, but Plaintiff did not appear.[2]

On February 26, 2013, counsel for Defendant Wagner filed a motion seeking involuntary dismissal of the case for failure to cooperate with discovery (the other defendants filed similar motions shortly thereafter). The Court scheduled a hearing for March 7, 2013, and directed counsel for Plaintiff to make all reasonable efforts to notify Plaintiff of the hearing. In doing so, counsel learned from Plaintiff's girlfriend that Plaintiff had been incarcerated in Berks County Prison since January 25, 2013. The Court then rescheduled the hearing for March 13, 2013, so that Plaintiff could participate by video conference from the Prison. The Court heard from Plaintiff and all counsel at the hearing; after the hearing, the Court ordered that counsel submit the available and relevant documents to the Court for *in camera* review.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes a district court to sanction a party for

---

[1] Plaintiff's counsel attended the settlement conference and represented that he had settlement authority.

[2] Plaintiff was incarcerated at the time of his deposition, unbeknownst to his own counsel and defense counsel.

failure to obey an order compelling disclosure or discovery, failure to make the requisite Rule 26(a) initial disclosures, and failure to appear for his own deposition, serve answers or objections to interrogatories, or respond to a request for inspection of documents.[3]  Among the available sanctions is dismissal of the action against the disobedient party,[4] but the sanction of dismissal is "disfavored absent the most egregious circumstances," and any doubts should be resolved in favor of adjudication on the merits.[5]  In determining whether the harsh sanction of dismissal is appropriate, the Court must weigh the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claims or defenses.[6]

Although the Court must address each factor, each factor need not weigh in favor of dismissal for the trial court to dismiss a claim.[7]

## III.   DISCUSSION

### A.  Personal Responsibility

There is no dispute that Plaintiff, not his counsel, bears responsibility for the complete failure to respond to discovery or to appear for the settlement conference. Counsel attempted to reach Plaintiff by mail and by telephone, but was at times unable to communicate with Plaintiff

---

[3] Fed. R. Civ. P. 37(b)(2), (c), (d).

[4] Fed R. Civ. P. 37(b)(2)(A)(v), (c)(1)(C), (d)(3).

[5] United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 161-62 (3d Cir. 2003).

[6] Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

[7] Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

for extended periods. At the hearing, Plaintiff stated that he had tried to keep up with the case, but acknowledged that he had lost his cell phone and that he did not notify his attorney of address changes. Plaintiff also stated that a box of documents that he had left with someone for safe-keeping could no longer be located. The Court notes that Plaintiff was not incarcerated when the scheduling order was entered, when discovery was served, or when the settlement conference was held. This factor weighs heavily against Plaintiff.

### B. Prejudice to Defendants

Plaintiff's failure to respond to discovery requests or to appear for deposition impedes Defendants' ability to prepare effectively for the impending trial and creates prejudice to Defendants.[8] Years after the events at issue, Defendants have only Plaintiff's Complaint and the medical records from the prison and the hospital, which Defendants obtained; no other documents have been exchanged and Plaintiff has not testified under oath as to his claims. This factor weighs against Plaintiff.

### C. History of Dilatoriness

The Court does not attribute to Plaintiff the delays related to appointment of counsel or litigation of the motions to dismiss. Instead, the Court focuses on the period from January 30, 2012, when the Court ruled upon the motions to dismiss, and February 26, 2013, when the first motion for sanctions was filed. In that time, Plaintiff took no action at all to move the case forward; although counsel took steps to advance Plaintiff's interests, Plaintiff himself failed to respond to any discovery requests, failed to appear at a Court-ordered settlement conference, and

---

[8] See Ware, 322 F.3d at 222 (sufficient prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy").

failed to maintain contact with his counsel, or even to notify his counsel that he had been incarcerated again.[9] This factor weighs heavily against Plaintiff.

### D. Willfulness or Bad Faith

The Court does not find that Plaintiff acted deliberately to obstruct the course of the litigation; although the failure to maintain contact with his attorney when he knew he had an obligation to prosecute his case could be construed as willful, the Court is mindful of Plaintiff's difficulty in finding a stable living situation. This factor weighs slightly in Plaintiff's favor.

### E. Alternative Sanctions

No effective alternative sanctions have been identified. Preclusion of evidence is not a viable option, as Plaintiff acknowledges that he has no evidence other than his testimony and the medical records, which would be essential evidence for both Plaintiff and Defendants. Preventing Plaintiff from conducting further discovery is not an effective sanction, as Plaintiff has not identified what discovery he would seek.[10] It is clear that Plaintiff has no ability to pay an assessment of attorneys' fees and costs for the time Defendants have sought in propounding discovery and attending the settlement conference. To simply warn Plaintiff of the consequences of future delays and to extend the time for discovery and continue the trial date would only prolong a case that has already languished, and would not serve as an effective sanction, as it would benefit Plaintiff more than Defendants. Because there is no satisfactory alternative

---

[9] Although Plaintiff is most recently incarcerated in Berks County Prison, there is no suggestion that Defendants knew or should have known this fact.

[10] Cf. Lesser v. Aseron, Nos. 96-8121 & 97-6070, 1999 U.S. Dist. LEXIS 113, at *7 (E.D. Pa. Jan. 11, 1999) ("If this Court were to preclude the Plaintiffs from presenting any medical evidence and from contesting any claim, testimony, or documentation presented by Aseron regarding Plaintiff's medical condition, the trial would be entirely pointless.").

sanction available, this factor favors dismissal.

    *F. Merit of Claims*

The merit of Plaintiff's claims is not judged under the summary judgment standard; generally, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff."[11] Although the allegations of the Complaint were sufficient to survive a motion to dismiss, under the circumstances of this case, the Court determined that a further inquiry was necessary. Plaintiff acknowledged at the hearing that should the case proceed, he will rely upon his testimony and the medical records, and that there is no expert report or other evidence available. The Court therefore requested that the parties jointly submit the relevant medical records. If these records had supported the allegations of Plaintiff's Complaint, the Court would have been inclined to weigh this factor very strongly in Plaintiff's favor. Having reviewed the submitted documents, the Court cannot conclude that this factor should be given such weight, and therefore, because the allegations of the Complaint state a claim, the Court weighs this factor weighs slightly in Plaintiff's favor.

**IV. CONCLUSION**

Having carefully weighed all of the relevant factors, the Court is constrained to conclude that Plaintiff has failed to prosecute his case or to maintain contact with his counsel, has personally failed to respond to discovery, to comply with the Court's scheduling order, or to appear for a mandatory settlement conference or his own deposition, and that the only appropriate sanction is that of dismissal. An order will be entered.

---

[11] Poulis, 747 F.2d at 869-70.